# RULES GOVERNING THE AUTOMATIC REVIEW OF DEATH SENTENCES IN THE MONTANA SUPREME COURT

No. 84-200.

PER CURIAM:

Rule 1. *Purpose and scope of rules.* (1) These rules govern procedures for the conduct of the automatic review of death sentences and associated appeals by the Montana Supreme Court under sections 46-18-310, MCA.

(2) Unless otherwise provided in these rules violation of these procedural rules will not entitle a party to relief absent a showing that the violation has caused significant prejudice to the party's right to a fair hearing.

(3) If no procedure is specifically prescribed by these rules, the Court shall proceed in conformance with the applicable statute or rule governing appellate practice in criminal cases.

Rule 2. *Initiation of automatic review.* (1) When a district court imposes a sentence of death, the county attorney shall within five days file in the district court a notice of automatic review. The notice shall state that the Supreme Court will conduct an automatic review of the death sentence in accordance with sections 46-18-307 through 46-18-310, MCA, and these rules, and that a defendant wishing to present issues other than those specified in section 46-18-310, MCA, must file a notice of appeal under Rule 5 of these rules.

(2) The filing of a notice of automatic review serves the same purpose and has the same effect as the filing of a notice of appeal under section 46-20-201, MCA, and Rule 4, M.R.App.Civ.P.

(3) The county attorney shall serve copies of the notice of automatic review on both the defendant and his counsel, if any, and also upon the attorney general. The county attorney shall file an additional copy with the clerk of the Supreme Court.

(4) In cases where co-defendants were tried joints in the district court and both received death sentences, the automatic review of the death sentences shall proceed separately before the Supreme Court. The county attorney shall file and serve separate notices of automatic review for each co-defendant in compliance with subsection (3) of this rule.

Rule 3. *Docketing.* The clerk of the Supreme Court shall docket the automatic review without fee and shall assign a docket number to the automatic review upon filing of the notice of automatic review by the county attorney under Rule 2. If a notice of appeal is filed, the clerk shall assign a separate docket number to the appeal, but shall note on the docket that the appeal and automatic review are consolidated for purposes of proceedings in the Supreme Court.

Rule 4. *Record for automatic review.* (1) The record for automatic review must include both the district court clerk's record and the transcript of proceedings from the district court.

(2) On the day the notice of automatic review is filed, the county attorney shall order a transcript of all recorded proceedings in the district court. The county shall pay the cost of the transcript.

(3) The clerk of the district court shall forward the entire record to the clerk of the Supreme Court within ten days after receipt of the transcript.

Rule 5. *Appeals.* (1) A defendant who wishes to seek review of issues of law pertaining to his trial or sentence other than those specified in section 46-18-310, MCA, shall file a notice of appeal within twenty days after imposition of sentence.

(2) If no notice of appeal is timely filed, the Supreme Court will consider no issues other than those presented on automatic review pursuant to section 46-18-310, MCA.

(3) Upon a showing of good and sufficient reason for the failure to file within twenty days, the Supreme Court may grant a motion to allow a defendant to file a notice of appeal out of time. No such motion will be considered by the Court if filed more than sixty days after the date of imposition of sentence.

Rule 6. *Briefs.* (1) Automatic review without appeal. If no notice of appeal has been filed, the defendant may file an opening brief within twenty days of the filing of the record on automatic review with the clerk of the Supreme Court which shall address the issues set forth in section 46-18-310, MCA. The state shall file a brief expressing its views on the issues set forth in section 46-18-310, MCA, within twenty days of service of the defendant's brief, if any, or within forty days of the filing of the record on appeal if the defendant chooses to file no brief. The defendant may file a reply brief, which shall be limited to the rebuttal of the state's argument, within ten days of service of the state's brief.

(2) Automatic review combined with appeal. If the defendant files a timely notice of appeal, he shall file his opening brief within thirty days after the filing of the record with the clerk of the Supreme Court. The defendant's opening brief shall address the issues specified in section 46-18-310, MCA, and all other issues arising from the trial and sentencing for which review is sought. The state shall file a responding brief within thirty days after service of the defendant's opening brief. The defendant may file a reply brief within fourteen days after service of the state's brief.

(3) Untimely notice of appeal. If the Supreme Court grants a defendant's motion for leave to file a notice of appeal out of time, the order granting the motion shall provide a briefing schedule for the parties.

Rule 7. *Action by the Court.* (1) The Court shall hear oral argument en banc in any case governed by these rules on the next calendar commencing more than thirty days after the filing of the state's brief.

(2) If no notice of appeal has been filed, the Court may review only the issues specified by section 46-18-310, MCA. If the defendant has filed a notice of appeal, the Court shall also consider all issues presented by the defendant in his brief, subject to the rules of law governing the preservation in the district court of questions for review on appeal.

Rule 8, *Service.* Defendants in automatic review cases shall comply with Supreme Court Rule II, 174 Mont. at xxiv.

Rule 9. *Stays.* The trial court shall enter a stay of execution of a death sentence upon the filing of a notice of automatic review. The stay expires upon issuance of remittitur on the Supreme Court's order affirming, vacating, or modifying the sentence. If the stay expires upon affirmance of a death sentence after the date set for execution of sentence has passed or within five days prior to the execution date, the execution date will be vacated, and the Supreme Court will remand the case to the district court for the setting of a new execution date in compliance with section 46-19-103, MCA.

Rule 10. *Suspension of Rules.* In the interest of expediting proceedings for automatic review, or for other good cause, the Supreme Court may suspend the operation of these rules and order proceedings in accordance with its direction.

Rule 11. *Title and effective date.* (1) These rules may be cited as "Montana Rules for Automatic Review of a Death Sentence."

(2) These rules take effect on October 1, 1984, and they

govern the automatic review of death sentence imposed after their effective date.

The attached rules are hereby approved by the Montana Supreme Court and the same shall become effective October 1, 1984.

The Clerk is directed to prepare and mail copies of the rules to each District Judge of this State, each County Attorney, each Clerk of the District Court and to the State Bar of Montana together with a copy of this order.

DATED this 13th day of September, 1984.

MR. CHIEF JUSTICE HASWELL and MR. JUSTICES HARRISON, GULBRANDSON, WEBER, SHEEHY and MORRISON concur.

MR. JUSTICE SHEA, dissenting:

I dissent from the adoption of any order adopting rules governing appeals in death penalty cases. That is not our function. If the legislature chooses to have a death penalty, it is also the duty of the legislature to see to it that its laws properly provide for the necessary and adequate review of death penalty sentences.

This Court should not be in the position of possibly later determining whether its own rules pass constitutional muster when it was not the decision of this Court, but the decision of the legislature to provide for a death penalty.